IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01990-PAB-KMT

SHANE FLOYD ARGETSINGER,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
WARDEN ABBOTT,
MAJOR MAIFIELD,
CAPTION HOLDITCH, and
LIEUTENANT HEIDENTHAL

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Plaintiff's "Motion for Court to Order (Temporarily) That Plaintiff Not Be Forced to Live/go in a Facility Where He Is Not Safe and His Life Has Been Threatened; Pending Disposition of Civil Action" (Doc. No. 28) filed December 11, 2008.

    Plaintiff seeks an order precluding the Colorado Department of Corrections from transferring him to the facility where the events alleged in this civil action took place. Plaintiff asserts he had to "go to the extreme of slicing his antecubital vein open, to get transferred to the mental health facility he is currently living in, to avoid being killed by other prisoners." He contends he is not safe at the other facility but the DOC staff refuse to do anything to protect him.

This motion is construed as a motion for temporary restraining order pursuant to Fed. R. Civ. P. 65(b). Where the opposing party has notice, as is in this case, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction. *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001). A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

The court finds the plaintiff has failed to meet the four conditions required for a preliminary injunction. Plaintiff has failed to establish that he will suffer irreparable injury without immediate relief. Plaintiff also has failed to establish that there is a substantial likelihood he ultimately will prevail on the merits in his this case. The motion fails on these bases alone. In addition, the court finds that Plaintiff has failed to set forth specific factual allegations which would justify a preliminary injunction. *Longstreth*, 961 F.2d at 902. Moreover, Plaintiff has failed to show his "right to relief [is] clear and unequivocal." *Schrier*, 427 F.3d at 1258.

Accordingly, for the foregoing reasons, this court respectfully

RECOMMENDS that Plaintiff's "Motion for Court to Order (Temporarily) That Plaintiff Not Be Forced to Live/go in a Facility Where He Is Not Safe and His Life Has Been Threatened; Pending Disposition of Civil Action" (Doc. No. 28) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of March, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge