IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01990-PAB-KMT

SHANE FLOYD ARGETSINGER,

      Plaintiff,

v.

BILL RITTER, JR.,
ARISTEDES W. ZAVARAS,
WARDEN JIM ABBOTT,
MAJOR LINDA MAIFIELD,
CAPTION HOLDITCH, and
LIEUTENANT HEIDENTHAL,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This case involves claims that Defendants violated Plaintiff's Eighth and Fourteenth Amendment rights. This matter is before the court on the Defendants' partial "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) [sic]" ([Doc. No. 43] [hereinafter "Mot."]). Plaintiff filed his Amended Prisoner Complaint *pro se* on October 7, 2008 ([Doc. No. 9] [hereinafter "Compl."]). Defendants filed their Motion to Dismiss on February 2, 2009. (Mot.) Plaintiff filed his Response on February 19, 2009. (Objection to State Def.'s [sic] Mot. to Dismiss [Doc. No. 46] [hereinafter "Resp."]) Defendants did not file a reply. This motion is ripe for review and recommendation.

Defendants seek to dismiss Plaintiff's claims as to Defendants Bill Ritter, Jr. ("Ritter")

and Aristedes W. Zavaras ("Zavaras") in their individual capacities pursuant to Fed. R. Civ. P.

12(b)(6) on the bases that Defendants Ritter and Zavaras lacked personal participation in the

alleged misconduct that injured Plaintiff and that Plaintiff failed to allege sufficient facts to state

an Eighth Amendment claim as to Defendants Ritter and Zavaras.  (Mot.)  Defendants also move

the court to limit Plaintiff's claims for monetary damages against all defendants in any capacity

under the Prison Litigation Reform Act (hereinafter "PLRA") on the basis that Plaintiff has

failed to show a prior physical injury as required by 42 U.S.C. § 1997e(e).  (*Id.* at 14.)

Jurisdiction is premised upon 42 U.S.C. § 1983 (2008).

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Amended Prisoner Complaint and the

parties' submissions with respect to this Recommendation.  Plaintiff is incarcerated in the

Colorado Territorial Correctional Facility (hereinafter "CTCF").  (Compl. at 2.)  Plaintiff has

named as defendants Bill Ritter, Jr., Governor of Colorado; Aristedes W. Zavaras, Executive

Director of the Colorado Department of Corrections (hereinafter "CDOC"); Jim Abbot, Warden;

Major Linda Maifield; Captain Holditch; and Lt. Heidenthal.  (*Id.* at 1.)  Plaintiff's Amended

Prisoner Complaint does not designate the capacity in which each defendant is being sued.

However, in the caption of his response he clearly states that each defendant is being sued in

both their individual and official capacities.  (Resp. at 1.)  Given this court's mandate to construe

*pro se* pleadings less stringently than those drafted by attorneys, the court will read Plaintiff's

Amended Prisoner Complaint as asserting claims against all defendants in their individual and official capacities.

In Claim One, Plaintiff alleges he received death threats and threats of bodily harm from other inmates on at least two occasions between December 9, 2006 and February 7, 2007. (Compl. at 5–6.)  Plaintiff states he made at least four requests to prison officials for protection during this time but instead was "punished" each time.  (*Id.*)  Plaintiff asserts Defendant Jim Abbott and Defendant Linda Maifield had knowledge of his multiple requests for protection and the threats on his life but refused to provide him with protection.  (*Id.* at 6.)  Plaintiff maintains Defendants' refusal to provide him with protection caused him to suffer severe emotional distress and mental anguish, which ultimately led Plaintiff to harm himself.[1]  (*Id.*)  Plaintiff alleges Defendants Maifield's and Holditch's actions constituted deliberate indifference and cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights.  (*Id.*)

In Claim Two, Plaintiff asserts he was eventually provided with "minimal protection" in the form of being moved to a "handicap cell/bed" as approved by Defendant Holditch.  (*Id.* at 11.)  Plaintiff alleges on August 1, 2007, due to a rule infraction in the facility kitchen, Defendants Holditch and Heidenthal withdrew Plaintiff's protection by removing him from the "handicap cell/bed."  (*Id.*)  Plaintiff claims he was then returned to CTCF, where he had previously received death threats from other inmates.  (*Id.*)  Plaintiff asserts he requested

---

[1] Plaintiff apparently cut the veins of his arm in order to obtain a transfer to a mental health facility.  (Compl. at 20.)  Despite appearing in each of his three claims, this was apparently a singular act.

protection on September 22, 2007 and during October 2007 but was "punished" instead.  (*Id.*) Plaintiff alleges during this time he also requested a facility transfer but was denied due to his HIV/AIDS positive status.  (*Id.*)  Plaintiff contends Defendant Holditch's and Heidenthal's withdrawal of his protection and returning him to CTCF caused him to suffer severe emotional distress and mental anguish, which ultimately led Plaintiff to harm himself in order "to force a facility transfer to a mental health facility."  (*Id.*)  Plaintiff maintains Defendant Holditch's and Heidenthal's actions constituted deliberate indifference and cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights.  (*Id.*)

Plaintiff's claims as to Defendants Ritter and Zavaras appear exclusively in Claim Three. (*Id.* at 14–15.)  Plaintiff asserts Defendants Ritter and Zavaras violated his Eighth and Fourteenth Amendment rights.  (*Id.*)  First, Plaintiff claims Defendants Ritter and Zavaras "made and approved of" a CDOC policy prohibiting protective custody regardless of a particular inmate's safety.  (*Id.* at 14.)  Plaintiff alleges that on the basis of said policy Defendants Abbott, Maifield, Holditch and Heidenthal violated Plaintiff's Eighth Amendment rights as alleged in Claims One and Two.  (*Id.*)  Plaintiff contends Defendants Ritter's and Zavaras' institution and approval of said policy caused him to suffer severe emotional distress and mental anguish, which ultimately caused Plaintiff to harm himself.  (*Id.*)  Plaintiff maintains these actions constituted deliberate indifference and cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights.  (*Id.*)

Also part of Claim Three, Plaintiff alleges Defendants Ritter and Zavaras "made and approved of a CDOC policy restricting the transfer of HIV/AIDS positive inmates to other

4

facilities "regardless of their safety from other inmates." (*Id.*)  Plaintiff asserts that on the basis

of that policy he was denied a facility transfer and kept at CTCF despite allegedly "showing

[prison officials that he faced] a pervasive risk of harm." (*Id*. at 15.)  Plaintiff contends his

classification on the basis of HIV/AIDS status was used to prevent him from receiving a transfer

and that this constitutes a violation of his Fourteenth Amendment right to equal protection,

causing him to suffer severe emotional distress and mental anguish, which ultimately caused

Plaintiff to harm himself.[2]  (*Id.*)

## STANDARD OF REVIEW

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v.*

---

[2] As Defendants have not moved for a ruling on this issue, the court does not address
Plaintiff's Fourteenth Amendment claim.

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**2.      *Fed. R. Civ. P. 12(b)(6) - Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002)). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only

"'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Bell Atlantic Corp.*, 550 U.S. 544, —, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41,

47 (1957), *abrogated on separate grounds by Bell Atlantic*, 127 S. Ct. at 1959–60). The plaintiff

must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its

face." 550 U.S. 544, —, 127 S. Ct. 1955, 1974 (2007); *Van Zanen v. Qwest Wireless, L.L.C.*,

522 F.3d 1127, 1129–30 (10th Cir. 2008). This is not to say that the factual allegations must

themselves be plausible; after all, they are assumed to be true. It is just to say that relief must

follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d

1242, 1247 (10th Cir. 2008). If a complaint explicitly alleges every fact necessary to win at trial,

it has necessarily satisfied this requirement. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir.

2008). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the

plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.

*See Scheuer*, 416 U.S. at 236.

## ANALYSIS

*1.*     *Eighth Amendment – Deliberate Indifference Claim*

Defendants contend that Defendants Ritter and Zavaras should be dismissed due to

Plaintiff's failure to state an Eighth Amendment claim. The test for deliberate indifference

involves both an objective and a subjective component. *Sealock v. Colo.*, 218 F.3d 1205, 1209

(2000). The subjective component of the deliberate indifference test is met if the defendant

"knows of and disregards an excessive risk to inmate health or safety." *Id.* The objective

component requires that the "deprivation alleged must be, objectively, sufficiently serious."

7

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)) (internal quotation marks omitted).  "For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*.  As Defendants' motion only presents arguments as to the subjective component of the Eighth Amendment test (Mot. at 3–6) the court addresses that issue first.

 "Deliberate indifference" does not require a showing of express intent to harm.  *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005).  Rather, it is enough that the official acted or failed to act despite his actual knowledge of a substantial risk of serious harm to the plaintiff.  *Id.*  To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1970).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.

While Plaintiff alleges he "reported numerous threats on his life," Plaintiff does not allege any of these reports were made to either Defendants Ritter or Zavaras.  (Resp. at 1.)  Plaintiff's complaint is devoid of any allegation either Defendant Ritter or Defendant Zavaras had any knowledge whatsoever of the substantial risk of serious harm Plaintiff claims he faced.  Accordingly, Plaintiff fails to satisfy the subjective component of the deliberate indifference test with respect to his claims against Defendants Ritter and Zavaras.

Plaintiff's failure to satisfy the subjective component of the deliberate indifference test is fatal to his Eighth Amendment claim.  Accordingly, as Plaintiff has failed to state an Eighth

8

Amendment deliberate indifference claim upon which relief can be granted, Plaintiff's Eighth

Amendment claims against Defendants Ritter and Zavaras in their individual and official

capacities are properly dismissed.

**2.      *Personal Participation – 42 U.S.C. § 1983***

Even if Plaintiff's Eighth Amendment claim were properly stated, Defendants assert that

by failing to allege personal participation by Defendants Ritter and Zavaras, Plaintiff has failed

to state a section 1983 claim against these two defendants in their individual capacities.  (Mot. at

5.)  *Alvarado* provides that "courts should look to the specific allegations in the complaint to

determine whether they plausibly support a legal claim for relief."  493 F.3d 1210, 1215 n.2

(10th Cir. 2007).  "[T]o state a claim in federal court, a complaint must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action harmed him

or her, and what specific legal right the plaintiff believes the defendant violated."  *Nasious v.*

*Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Personal participation is an essential allegation in a section 1983 civil rights action.

*Bennett v. Passic*, 545 F.2d 1260, 1262–63.  *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th

Cir. 1988) (stating that before liability may be imposed, a supervisor must have "participated or

acquiesced" in the conduct which constitutes a constitutional deprivation).  To establish personal

liability, a plaintiff must show that the official caused the deprivation of a federal right.

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the

alleged constitutional violation and each defendant's participation, control or direction, or failure

to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

9

"A defendant cannot be liable under a *respondeat superior* theory in a section 1983 case." *Raile v. Ortiz*, No. 05-1345, 2006 WL 991102, at *2 (10th Cir. Apr. 17, 2006) (citing *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983)). *See also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (supervisor status insufficient by itself to support liability under section 1983; rather, personal participation of defendant is essential).

For the purpose of this 12(b)(6) analysis, the court accepts as true Plaintiff's allegations that Defendants Ritter and Zavaras made and approved of the CDOC policies Plaintiff claims violated his Eighth and Fourteenth Amendment rights. *Bell Atlantic Corp.*, 127 S. Ct. at 1965. Furthermore, the court views the complaint with an eye to making all reasonable inferences in the Plaintiff's favor. *Timpanogos Tribe*, 286 F.3d at 1204. Nevertheless, Plaintiff has failed to allege that either Defendant Ritter or Zavaras *personally* participated or acquiesced in the conduct that allegedly constituted Eighth and Fourteenth Amendment violations.

Plaintiff has not pled that Defendants Ritter or Zavaras had any direct contact with him, that either defendant was present during any of the conduct alleged, or that either defendant actually knew of and acquiesced in the specific alleged violations. Plaintiff's only contention approaching an allegation of personal participation by Defendants Ritter and Zavaras is that they made and approved of the policies executed by prison officials that violated Plaintiff's constitutional rights. However, "past input into the formulation of prison regulations . . . is a connection far too attenuated to support liability under § 1983." *Grimsley v. MacKay*, 93 F.3d 676, 680 (10th Cir. 1996). Plaintiff has failed to allege an affirmative link between the alleged constitutional deprivations and either Defendant's personal participation, exercise of

10

control or direction, or failure to supervise.  *Butler v. City of Norman*, 992 F.2d at 1055 (citing *Meade v. Grubbs*, 841 F.2d at 1527).  As Plaintiff fails to allege a basis for holding them individually liable under section 1983, Plaintiff's Eighth Amendment claim against Defendants Ritter and Zavaras in their individual capacities is properly dismissed on that basis alone.[3]

### 3.    *Prison Litigation Reform Act*

Defendants assert Plaintiff is not entitled to pursue a 42 U.S.C. § 1983 claim against *any* defendant because the complaint does not satisfy the prior physical injury requirement of 42 U.S.C. § 1997e(e).  (Mot. at 8.)  Section 1997e(e) of the PLRA provides in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e) (2008).

Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted.  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (applying section 1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).  Although section 1997e(e) bars recovery of mental or emotional injury damages absent an allegation of physical injury, it does not bar recovery of punitive damages, declaratory relief, or nominal damages.  *Id.* at 881 (noting that punitive damages may be awarded for constitutional violations without a showing of compensable injury); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 808 (10th Cir. 1999).

---

[3] Plaintiff's Fourteenth Amendment claims against these defendants in Claim Three survive.

11

Plaintiff alleges physical injury in the form of "self-harm," caused by "severe emotional distress and mental anguish." (Compl. at 6-15.) The issue of whether a self-inflicted injury satisfies section 1997e(e)'s prior physical injury requirement is a matter of first impression in this District. Defendants direct the court's attention to two factually related cases from the Northern District of Texas as persuasive authority that prior self-inflicted injury does not satisfy section 1997e(e)'s prior physical injury requirement.

In *Wallace v. Cockrell*, No. 3:02-CV-1807-M, 2003 WL 21418639 (N.D. Tex. Mar. 10, 2003), prisoner Wallace brought a civil action subject to review under the PLRA's "three-strikes" provision set forth in 28 U.S.C. § 1915(g). That provision states that if a prisoner has previously brought three or more court actions which have been dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted," he will be barred from bringing further actions unless he is "under imminent danger of serious physical injury." *Id.* Wallace, who otherwise would have been barred from bringing another action, argued this provision was inapplicable to him because he was in imminent danger of serious physical injury which he would inflict upon himself. The court found the plaintiff's threat of self-inflicted injury insufficient to show plaintiff was in imminent danger of serious physical injury for purposes of the PLRA's "three-strikes" provision set forth in 28 U.S.C. § 1915(g). The court reasoned that:

> [a] prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA. To hold otherwise would eviscerate the rule. Every prisoner would then avoid the three strikes provision by threatening suicide. One cannot self-inflict serious physical injury so as to avoid the three strikes provision, sanction orders, or manipulate the judicial system.

12

*Id.* at *3.  The *Wallace* case was later followed in *Moxley v. Johnson et al.*, No. 3:05-CV-0038-B, 2005 WL 1131063, at *3 (N.D. Tex. May 6, 2005).

This court finds the underlying rationale of these two cases persuasive in the present case.  Here, Plaintiff states that he "cut the vein in the crook of [his] arm open right in front of a [correctional officer], so that [Plaintiff] could go to Doc's [sic] mental health facility because while very messy this type of cut is not fatal."  (Compl. at 20.)  In other words, Plaintiff used a self-inflicted injury as a means to get what he wanted.  Moreover, Plaintiff states that he was placed on mental health observation and not found to be mentally ill.  (Comp. at 20.)  Plaintiff's statements make clear that he sought to benefit from deliberately and carefully harming himself.

This court finds in this context that a prisoner may not cause a physical injury to himself so as to escape the damages limitation of 42 U.S.C. § 1997e(e).  Just as in *Wallace*, to hold otherwise would eviscerate the rule.  *See* 2003 WL 21418639, at *3.  Plaintiff's self-inflicted injury does not, therefore, satisfy the physical injury requirement of section 1997e(e).  Consequently, Plaintiff is properly barred from recovering compensatory damages from all defendants for alleged constitutional violations.  *Searles*, 251 F.3d at 876 (holding the plain language of § 1997e(e) forecloses award of compensatory damages for substantive constitutional violation, regardless of the rights asserted, if the only injuries are mental or emotional).

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' partial "Motion to Dismiss Pursuant to Fed. R. Civ. P 12(B)(6) [sic]" (Doc. No. 43) be GRANTED as follows:

1.      Plaintiff's Eighth Amendment claim, contained in Claim Three, against

        Defendants Ritter and Zavaras in their individual and official capacities be

        dismissed; and

2.      Plaintiff's claims for compensatory damages against all defendants be dismissed.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d

at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be

14

both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of April, 2009.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge