IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01990-PAB-KMT

SHANE FLOYD ARGETSINGER,

    Plaintiff,

v.

BILL RITTER, JR.,
ARISTEDES W. ZAVARAS,
WARDEN JIM ABBOTT,
MAJOR LINDA MAIFIELD,
CAPTAIN HOLDITCH, and
LIEUTENANT HEIDENTHAL,

    Defendants.

**ORDER OVERRULING OBJECTIONS AND ADOPTING RECOMMENDATION**

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya filed on April 9, 2009 [Docket No. 57] (the "Recommendation"). Plaintiff's Amended Prisoner Complaint (the "Complaint") asserts claims under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment of the United States Constitution. On February 2, 2009, defendants filed a motion to dismiss certain of plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 43]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this motion was referred to the assigned magistrate judge for a recommendation regarding its disposition [Docket No. 44]. In the carefully reasoned Recommendation, Magistrate Judge Tafoya recommends that defendants' motion be granted and that plaintiff's claims against defendants Bill Ritter and Aristedes Zavaras in their individual and

official capacities be dismissed along with plaintiff's claims for compensatory damages against all defendants.

Mr. Argetsinger, who is *pro se*, submitted a timely Objection to Recommendation of U.S. Magistrate Judge [Docket No. 58] (referred to herein as "Objection"), which was filed on April 17, 2009.

**I. STANDARD OF REVIEW**

Because Mr. Argetsinger is proceeding *pro se*, the Court construes his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*.  Fed. R. Civ. P. 72(b).  In this case, I have applied a *de novo* review to each part of the Recommendation.

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a claim is appropriate where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  For a complaint to state a claim it must contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), alleging facts that, taken as true, make the plaintiff's "claim to relief . . . plausible on its face."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the complaint states a plausible claim for relief, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

## II. ANALYSIS

For purposes of my consideration of this matter, I adopt the discussion of plaintiff's factual allegations and claims asserted against each defendant contained in the section of the Recommendation entitled "Statement of the Case."[1]  *See* Recommendation [Docket No. 57] at 2-5.  This portion of the Recommendation accurately summarizes the allegations of plaintiff's Complaint and plaintiff did not object to the factual findings contained in the Recommendation.  *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Plaintiff brings his Eighth Amendment claims[2] under 42 U.S.C. § 1983.  Plaintiff seeks relief in the form of an injunction precluding him from being returned to custody in the Colorado Territorial Correctional Facility (referred to herein as the "CTCF") for, at minimum, the next five years.  Compl. [Docket No. 9] at 23.  Plaintiff also seeks "actual damages" in the amount of $5,000 from each defendant, "punitive damages" in the amount of $5,000 from each defendant, and "restitution" for certain hospital bills.  *Id.*  In his Complaint, plaintiff did not specify in what capacity he named each defendant.  However, in his response to defendants' motion to dismiss [Docket No. 46], he included a notation in the case caption stating that all defendants are sued in their individual and

---

[1] The Court adds one clarification to the recitation of plaintiff's allegations in the Recommendation: plaintiff alleges that he is currently incarcerated in the San Carlos Correctional Facility, not the Colorado Territorial Correctional Facility.  *See Compl.* [Docket No. 9] at 2.

[2] The Eighth Amendment applies to the states by incorporation through the Fourteenth Amendment.  *Michell v. Maynard*, 80 F.3d 1433, 1440 (1996).

official capacities. Defendants did not differentiate between official capacity claims and individual capacity claims in their motion to dismiss and did not file a reply brief addressing this distinction.

Because plaintiff's Complaint seeks injunctive relief, the Recommendation properly treated the Complaint as including both types of claims. *See Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) ("where the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability"); *Fenner v. Suthers*, 194 F. Supp. 2d 1146, 1149 (D. Colo. 2002) ("plaintiff's complaint here seeks injunctive relief and is thus readily construed as a suit against defendants in their official capacities"). The Recommendation finds appropriate dismissal of plaintiff's Eighth Amendment claims against defendants Ritter and Zavaras in both their individual and official capacities.

### A.  Eighth Amendment Claims Against Defendants Ritter and Zavaras

Plaintiff objects to the Recommendation's conclusion that the claims against defendants Ritter and Zavaras should be dismissed on the grounds that their implementation of certain prison custody policies suffices to hold them accountable for alleged Eighth Amendment violations suffered by plaintiff. Under plaintiff's theory, defendants Ritter and Zavaras have "put in place a policy that there is no protective custody whatsoever in [the Colorado Department of Corrections]." Objection [Docket No. 58] at 1. Plaintiff argues that he need not show that these defendants directly participated in or knew of the violation of prisoner's rights under the Eighth Amendment because their implementation of prison custody policies is binding on all prison officials

4

and, thus, caused plaintiff's alleged constitutional deprivations. *Id.* at 1-2. Because of this causal link, plaintiff argues, defendants Ritter and Zavaras have acted with deliberate indifference to plaintiff's Eighth Amendment rights. *Id.*

An inmate's rights under the Eighth Amendment "may be violated by a prison official's failure to prevent harm." *Garret v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)). "To demonstrate a violation, an inmate must satisfy both objective and subjective elements." *Id.* The objective component is met if the deprivation is "sufficiently serious," *Farmer*, 511 U.S. at 834, while "the subjective component – deliberate indifference – is met if the prison official both was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Garrett*, 254 F.3d at 949 (quoting *Farmer*, 511 U.S. at 837). Stated differently, the official must know of and disregard "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Magistrate Judge Tafoya correctly found that plaintiff's claims against defendants Ritter and Zavaras, even liberally construed, fail to allege that these defendants acted with deliberate indifference. Specifically, the Complaint does not allege facts that plausibly suggest that either defendant Ritter or defendant Zavaras knew of and disregarded an excessive risk of harm to plaintiff. *See Farmer*, 511 U.S. at 837. Plaintiff's assertion that defendants Ritter and Zavaras were deliberately indifferent to the general inmate population in the CTCF by implementing a policy of "no protective custody" does not suffice to show the requisite knowledge of either defendant. Rather,

"the subjective component requires the prison official to disregard the risk of harm claimed by the prisoner." *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009); *see also Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) ("even if a prison official has knowledge of a substantial risk of serious harm to inmates, he is not deliberately indifferent to that risk unless he is aware of and fails to take reasonable steps to alleviate that risk").

Accordingly, plaintiff's claims against defendants Ritter and Zavaras must be dismissed.

### B.  Physical Injury

Defendants also seek dismissal of plaintiff's claims for damages against all defendants based on the "physical injury" requirement of the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e.  The provision cited by defendants states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e)*.*  Plaintiff argues in his Objection that such damages are not barred by the PLRA because he did not physically harm himself for the purpose of overcoming the provisions of the PLRA, but rather did so in exasperation as a means to be transferred out of the CTCF.

At the outset, the Court clarifies that any claims for damages asserted by plaintiff against the defendants in their official capacities – i.e., against the Colorado Department of Corrections, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against

the official but rather is a suit against the official's office") – are barred by the Eleventh Amendment. *See id.*

As to the individual capacity claims, the Court affirms the conclusion of the magistrate judge that the PLRA bars plaintiff's recovery of any compensatory damages in this case. However, the physical injury requirement of § 1997e(e) only precludes recovery of compensatory damages, not punitive damages. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). Thus, plaintiff's claims for punitive damages against the defendants in their individual capacities (except defendants Ritter and Zavaras, for the reasons discussed above) are adequately alleged.

It is clear that plaintiff's claims for compensatory relief fall within § 1997e(e) because he specifically alleges that such damages are meant to remedy "severe emotional distress and mental anguish" suffered by plaintiff. Compl. at 23. However, plaintiff's self-inflicted injuries do not constitute a "physical injury" under the PLRA. While the Tenth Circuit has not addressed the question, federal courts in other jurisdictions have held that self-inflicted injuries do not constitute a "physical injury" within the meaning of § 1997e(e). *See, e.g.*, *Steyer v. Rogers*, No. 07-3350, 2008 WL 508596, *4 (D.N.J. Feb. 21, 2008) ("[Plaintiff] does not allege any physical injury suffered at the hands of Defendants. His only injuries were self-inflicted and resulted from his suicide attempt. Therefore, even if [plaintiff's] Complaint had stated a cause of action under § 1983, it would be barred by § 1997e(e) because [plaintiff] has failed to allege a prior physical injury."); *Matagrano v. New York State Dep't of Corr.*, No. 98 CIV. 428, 1999 WL 675974, *2 (S.D.N.Y. Aug. 31, 1999) ("Here, plaintiff fails to demonstrate that he has suffered any sort of physical injury, other than those that were

self-inflicted.  He has not shown a physical injury caused by unlawful conduct, or by wrongs committed by defendants.").  The Court agrees with the rationale expressed in those cases – that allegations of a self-inflicted injury do not show that a physical injury occurred at the hands of prison officials, as required by § 1997e(e).  The Court also finds persuasive the line of cases holding that, by alleging an imminent threat of self-inflicted injury, a prisoner may not sidestep the PLRA "three strike" rule, codified at 28 U.S.C. § 1915(g), which bars *in forma pauperis* prisoner complaints from individuals whose claims have been dismissed as frivolous three times unless the prisoner shows he is "under imminent danger of serious physical injury."  *See*, *e.g.*, *Bea v. Watson*, No. 7:09-cv-00232, 2009 WL 1764834, *2 (W.D. Va. June 22, 2009); *Moxley v. Johnson*, No. 3:05-CV-0038, 2005 WL 1131063, *2 (N.D. Tex. May 6, 2005).  As in those cases, allowing a self-inflicted injury to satisfy the physical injury requirement of § 1997e(e) would create a perverse incentive of self harm in prison populations.

For the foregoing reasons, it is **ORDERED** as follows:

1.   The Recommendation of United States Magistrate Judge [Docket No. 57] is ACCEPTED.

2.   Defendants' motion to dismiss [Docket No. 43] is GRANTED.

3.   Plaintiff's claims alleged against defendants Ritter and Zavaras in their official and individual capacities for violation of the Eighth Amendment of the United States Constitution are dismissed.  Plaintiff's claims for compensatory damages against defendants Warden Jim Abbott, Major Linda Maifield, Captain Holditch, and Lieutenant Heidenthal in their individual capacities are dismissed.  Plaintiff's claims for damages

against all defendants in their official capacities are also dismissed.

    4.  Any other pending motions are denied as moot.

DATED September 29, 2009.

                                     BY THE COURT:

                                     <u>s/Philip A. Brimmer</u>
                                     PHILIP A. BRIMMER
                                     United States District Judge